UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAY L. ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1611 JCH |
| | ) |
| CIRCUIT COURT OF THE TWENTIETH | ) |
| JUDICIAL CIRCUIT OF ST. CLAIR | ) |
| COUNTY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Upon review of the financial information provided with the complaint, the Court has determined that plaintiff cannot afford to pay the filing fee. As a result, the Court will grant the motion. Additionally, the Court has reviewed the complaint and has determined that venue does not lie in this District.

**Background**

Plaintiff bring this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights by O'Fallon, Illinois Police Officers. Plaintiff complains that he was stopped by O'Fallon Police Officers on September 21, 2017, and held on an "alleged violation of a commercial offense" in confinement at the O'Fallon Police Department. Plaintiff states that on September 22, 2017, he was transported to St. Clair County Courthouse and "held in confinement in St. Clair County Jail without warrant or Grand Jury indictment until 29 September 2017." Plaintiff claims that he was "released on bail 29 September 2017."

Plaintiff asserts in his complaint that the O'Fallon, Illinois Police Officers confined him unlawfully, and he claims that the St. Clair County Court, namely Associate Judge William Clay, did not have jurisdiction to arraign plaintiff or allow St. Clair County prosecutors to proceed with a criminal action against him.

Plaintiff seeks an order from this Court directing the St. Clair County Court to dismiss the criminal charges pending against plaintiff because the police lacked probable cause to initiate charges over plaintiff and because the St. Clair County Court lacks jurisdiction over plaintiff.

## Discussion

Unfortunately, this case is subject to dismissal, because the Court lacks proper venue over plaintiff's § 1983 action. Pursuant to 28 U.S.C. § 1391, a civil action may be brought in-(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which the action may otherwise be brought a as provided in this section, any judicial district in which any defendant is subject to the Court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(a). None of the requirements of § 1391 are present in this case. As a result, venue does not lie in this District.

Under 28 U.S.C. § 1406(a), the District Court of a district in which a case is filed that lays in the wrong venue can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. Because

plaintiff is able to contest his arguments relating to a lack of probable cause in his ongoing criminal action, the Court will dismiss this action rather than transfer it to another district court.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 27th Day of September, 2018.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's assertions that the St. Clair County Court lacked "jurisdiction" over him in a state criminal action simply because he is a resident of the State of Missouri are also legally frivolous. Such arguments mirror "sovereign citizen" arguments that are routinely denied in this Court. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir.1983) (per curiam); *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir.2013), *cert. denied*, 2014 WL 1621678 (May 27, 2014).